SHAWN N. ANDERSON
United States Attorney
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN D. WALKER<br>   aka JON WALKER,<br>MARVIN R. REED,<br>KENNETH R. CROWE, and<br>PHILLIP T. KAPP,<br><br>Defendants. | CRIMINAL CASE NO. 18-00010<br><br>**INDICTMENT**<br><br>**CONSPIRACY TO DEFRAUD THE NATIONAL TRANSPORTATION SAFETY BOARD AND THE FEDERAL AVIATION ADMINISTRATION**<br>[18 U.S.C. § 371]<br>(Count 1)<br><br>**CONSPIRACY TO DEFRAUD THE FEDERAL AVIATION ADMINISTRATION**<br>[18 U.S.C. § 371]<br>(Count 2)<br><br>**HONEST SERVICES FRAUD**<br>[18 U.S.C. §§ 1343, 1346, & 2]<br>(Counts 3-5)<br><br>**WIRE FRAUD**<br>[18 U.S.C. §§ 1343, 1346, & 2]<br>(Counts 6-10)<br><br>**MONEY LAUNDERING**<br>[18 U.S.C. § 1957]<br>(Counts 11-16) |

INDICTMENT - 1

**DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS**
[18 U.S.C. § 1519]
(Counts 17-20)

**ATTEMPTED DESTRUCTION OF AN AIRCRAFT**
[18 U.S.C. §§ 32(a)(1) & 32(a)(8)]
(Count 21)

**FALSE STATEMENT**
[18 U.S.C. § 1001(a)(2)]
(Counts 22-23)

**NOTICE OF FORFEITURE ALLEGATIONS**
[18 U.S.C. §§ 982(a)(1) & (a)(2); 21 U.S.C. § 853, and 28 U.S.C. § 2461(c)]

THE GRAND JURY CHARGES:

At times material to this Indictment:

## Introduction

<u>Federal Aviation Administration</u>

1. The Federal Aviation Administration (FAA) is an agency of the United States within the Department of Transportation, which is responsible for the regulation of civilian aviation matters in the United States and its territories. The primary concern of the FAA with regards to civilian aviation matters is safety. Federal Aviation Regulations (FAR), found within Title 14 of the Code of Federal Regulations (CFR), are enforced by the FAA.

2. The FAA regulates the registration of aircraft in the United States. To register an aircraft in the United States, an applicant must send to the FAA: (a) an Aircraft Registration Application (AC Form 8050-1); (b) evidence of ownership, usually through an Aircraft Bill of Sale (AC Form 8050-2); and (c) a registration fee. Based on these documents, the FAA determines

whether the eligibility requirements for a certificate of registration have been met. If so, the FAA will issue a certificate of registration to the applicant.

3. The FAA will give an aircraft legally registered in the United States a designated identification number commonly referred to as a "tail number." All U.S. registered aircraft are designated by the prefix "N." This "N" registration must be displayed on the aircraft and is often painted on the tail of the aircraft.

4. The FAA also issues Airworthiness Certificates, an FAA document which grants authorization to operate an aircraft in flight.

5. To obtain an FAA Airworthiness Certificate, the registered owner or owner's agent must submit an FAA Form 8130-7 (for a Special Airworthiness Certificate) or an FAA Form 8130-6 (for a Standard Airworthiness Certificate) to the FAA. The FAA may then issue the relevant Airworthiness Certificate if it determines the aircraft is eligible and in a condition for safe operation.

6. FAA Aviation Safety Inspectors (ASI) administer, investigate, and enforce FAA safety regulations and standards for the production, operation, maintenance, and modification of all aircraft. ASIs are authorized to issue FAA airworthiness certificates.

7. FAR titled "Identification and Registration Marking," requires certain aircraft to attach a fireproof identification plate, commonly referred to as a "data plate," which provides information about the aircraft. 14 C.F.R. Part 45. The FAA uses data plates to track aircraft parts and to maintain accountability of those parts.

8. FAR also require that each aircraft have a unique set of logbooks that document historical data dating back to the manufacturing date of the aircraft. These logbooks must be complete and kept current. Logbooks are used by FAA certified aircraft mechanics and FAA

certified repair stations in performing maintenance and repairs on aircraft.

National Transportation Safety Board

9. The National Transportation Safety Board (NTSB) is an independent federal agency charged with investigating civil aviation accidents in the United States, among other duties. The NTSB conducts investigations to determine the probable cause of transportation accidents and to formulate safety recommendations.

10. Federal regulations require operators to notify the NTSB immediately of aviation accidents and certain incidents. 49 C.F.R. § 830.5. An operator refers to "any person who causes or authorizes the operation of an aircraft, such as the owner, lessee, or bailee of an aircraft." 49 C.F.R. § 830.2.

11. NTSB regulations require that "[t]he operator of an aircraft involved in an accident or incident for which notification must be given is responsible for preserving to the extent possible any aircraft wreckage, cargo, and mail aboard the aircraft, and all records, including all recording mediums of flight, maintenance, and voice recorders, pertaining to the operation and maintenance of the aircraft and to the airmen until the Board takes custody thereof or a release is granted..." 49 C.F.R. § 830.10(a).

12. NTSB regulations also require that "[t]he operator of an aircraft involved in an accident or incident shall retain all records, reports, internal documents, and memoranda dealing with the accident or incident, until authorized by the Board to the contrary." 49 C.F.R. § 830.10(d).

**The Defendants**

13. JOHN D. WALKER aka JON WALKER resides in Missouri and is: (a) the owner of Hansen Helicopters, Inc. (Hansen), a corporation headquartered in Hagatna, Guam, which provides helicopter services; (b) President of Caledonian Agency, Inc. (Caledonian), a
INDICTMENT - 4
Case 1:18-cr-00010 Document 1 Filed 05/30/18 Page 4 of 18

corporation located in Saipan, MP, which operates as an investment company; and (c) Hansen Northern Helicopters, Inc. (Hansen Northern).

14. MARVIN R. REED resides in Guam and is: (a) the Executive Vice President of Hansen; (b) the Vice President of Caledonian; and (c) the Vice President of Hansen Northern.

15. KENNETH R. CROWE resides in Guam and is: (a) Hansen's Director of Operations; (b) the Chief Pilot/Manager of Caledonian; and (c) the Chief Pilot/Manager of Hansen Northern.

16. PHILLIP T. KAPP resides in Guam and is Hansen's Director of Maintenance.

## The Scheme

17. Beginning as early as 1997, but no later than February 15, 2012, in the District of Guam and elsewhere, defendants knowingly and willfully circumvented U.S. aviation safety regulations for the purpose of reducing costs and maximizing the profits of Hansen Helicopters, Inc.

18. The scheme involved, among other things, obtaining aircraft that had been previously de-registered because they were destroyed, scrapped, or otherwise deemed not airworthy; then falsifying, concealing material facts, or making materially fraudulent representations in entries, certifications, documents, and records submitted to government agencies to obtain Airworthiness Certificates for those same aircraft.

19. The scheme also involved creating false logbook entries, switching data plates from their associated aircraft or aircraft parts to non-associated aircraft of aircraft parts, and taking other measures to conceal the background, maintenance histories, and airworthiness of aircraft flown by Hansen.

20. The scheme also involved the use of non-FAA certified parts that were installed

into aircraft flown by Hansen.

21. The scheme enriched the defendants, but put property and lives at grave risk.

## COUNT 1-CONSPIRACY TO DEFRAUD THE NATIONAL TRANSPORTATION SAFETY BOARD AND THE FEDERAL AVIATION ADMINISTRATION

22. Paragraphs 1 through 21 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

### The Conspiracy

23. From in or about May 2014, and continuing until on or about May 4, 2018, in the District of Guam and elsewhere, defendants JOHN D. WALKER aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP did knowingly and willfully combine, conspire, confederate and agree together to defraud agencies of the United States, namely the NTSB and the FAA, with regard to the Hansen aircraft bearing the tail number N9068F, which crashed on September 2, 2015, killing pilot Rafael Antonio Cruz Santos.

### Overt Acts

In furtherance of the conspiracy and to accomplish its purposes and objects, one or more of the defendants committed and caused to commit at least one of the following overt acts:

24. On or about September 7, 2015, PHILLIP T. KAPP traveled to the Marshall Islands to obtain the records for aircraft N9068F.

25. On or about September 10, 2015, PHILLIP T. KAPP made entries into aircraft N9068F's records, documenting that he had performed the necessary inspections and maintenance on aircraft N9068F, when in fact PHILLIP T. KAPP had not performed the stated inspections or maintenance.

26. On or about September 11, 2015, PHILLIP T. KAPP provided the false logbook entries for aircraft N9068F's inspections and maintenance to KENNETH R. CROWE.

27. KENNETH R. CROWE then submitted the false logbook entries provided by PHILLIP T. KAPP to the FAA on or about September 11, 2015.

28. On or about September 12, 2015 KENNETH R. CROWE completed/submitted an accident report (NTSB Form 6120.1) to NTSB.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2-CONSPIRACY TO DEFRAUD THE FEDERAL AVIATION ADMINISTRATION

29. Paragraphs 1 through 28 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

### The Conspiracy

30. From on or about February 15, 2012, and continuing until on or about May 4, 2018, in the District of Guam and elsewhere, defendants JOHN D. WALKER aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP did knowingly and willfully combine, conspire, confederate and agree together to defraud agencies of the United States, namely the FAA, with regard to the Hansen aircraft bearing the tail number N243D.

### Overt Acts

In furtherance of the conspiracy and to accomplish its purposes and objects, one or more of the defendants committed and caused to commit at least one of the following overt acts:

31. On or about February 15, 2012, JOHN D. WALKER aka JON WALKER submitted to the FAA an application to register aircraft N243D, which included an FAA Form 8050-2 (Aircraft Bill of Sale) containing a forged signature.

32. On or about June 24, 2012, PHILLIP T. KAPP created a maintenance logbook entry for aircraft N243D indicating completion of a hard landing inspection when no such inspection was performed on N243D.

33. On or about December 10, 2012, KENNETH R. CROWE submitted a document to the FAA stating that N243D had been purchased at an auction along with its maintenance records, and that "the aircraft was erroneously reported destroyed/scrapped."

34. On or about December 10, 2012, KENNETH R. CROWE submitted to the FAA, photographs of a helicopter KENNETH R. CROWE misrepresented as N243D.

35. On or about December 10, 2012, KENNETH R. CROWE submitted to the FAA, KAPP's June 24, 2012, maintenance logbook entry for aircraft N243D falsely indicating completion of a hard landing inspection.

36. On or about December 21, 2015, PHILLIP T. KAPP sent an email to a Hansen employee in the Marshall Islands directing him to swap out "numbers" and "tags" for three aircraft, one of which was N243D.

37. On or about February 20, 2018, KENNETH R. CROWE sent a notarized statement to the FAA requesting that the FAA cancel the registration for aircraft N243D, declaring that the aircraft had been sold to another company and had been exported to the Philippines.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 3-5 HONEST SERVICES FRAUD

38. Paragraphs 1 through 37 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

## The Fraud

39. Defendants JOHN D. WALKER aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP, together and with Timothy J. Cislo (Cislo), an FAA Aviation Safety Inspector charged elsewhere, devised and participated in a scheme and artifice to defraud and to deprive the citizens of the United States and the FAA of their intangible right of Cislo's honest and faithful services through bribery and concealment of material information.

40. It was the purpose of the scheme for Cislo to use his official position to enrich himself by soliciting and accepting something of value, namely, a Taylorcraft BC-12D Aircraft, Serial Number 6904, valued at approximately $20,000, from defendants JOHN D. WALKER aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP, in exchange for favorable official action, namely, to use Cislo's official position as an FAA Aviation Safety Inspector to sign, issue and re-issue FAA Airworthiness Certificates to several aircraft belonging to JOHN D. WALKER aka JON WALKER and Hansen without conducting the necessary inspections and examinations of such helicopters.

41. In furtherance of the scheme, Cislo failed to thoroughly examine and inspect the logbooks and other documentation of these Hansen helicopters prior to signing, issuing and re-issuing Airworthiness Certificates for several aircraft belonging to JOHN D. WALKER aka JON WALKER and Hansen.

## Execution of the Fraud

42. On or about the dates specified as to each count below, in the District of Guam, and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and to deprive of honest services, defendants JOHN D.WALKER aka JON WALKER,

INDICTMENT - 9

MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP, transmitted and caused to be transmitted by means of wire communications in interstate commerce, the following writings, signals, and sounds:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 3 | May 22, 2014 | Email transmission between Cislo and CROWE selecting the Taylorcraft BC-12D Aircraft stating "I'd have to go with the yeller one." |
| 4 | May 29, 2014 | $22,500 wire transfer from Bank of Hawaii account ending in 9134 to E.J.S. to purchase the Taylorcraft BC-12D Aircraft |
| 5 | February 13, 2015 | Email transmission between Cislo and CROWE stating, "I'm looking at May or June to have a sign-fest" concerning Restricted Aerial Survey certificates. |

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

### COUNTS 6-10 WIRE FRAUD

43. Paragraphs 1 through 42 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

44. Bank of Hawaii is a financial institution, within the meaning of 18 U.S.C. § 1956 and 31 U.S.C. § 5312, which is engaged in, and whose activities affected, interstate and foreign commerce.

45. Caledonian Agency, Inc. (Caledonian) is a company registered in the Commonwealth of the Northern Mariana Islands, and which operated as an investment company. Caledonian's President, JOHN D. WALKER aka JON WALKER, Executive Vice President, MARVIN R. REED, and Chief Pilot/Manager, KENNETH R. CROWE, maintained Bank of

Hawaii corporate bank account XXXX-XX9134 to receive direct deposits for leased Hansen helicopters.

### The Fraud

46. Defendants, together with persons unknown to the Grand Jury, knowingly and willfully devised, executed, and attempted to execute a scheme and artifice by leasing helicopters that did not have proper FAA certifications to shipping companies to obtain money and property by means of false and fraudulent pretenses, representations and promises, and material omissions.

47. Over the course of the scheme the shipping companies wired no less than $5,018,114.45 for the usage of the leased helicopters.

### Execution of the Fraud

48. On or about the dates specified below, in the District of Guam, and elsewhere, defendants JOHN D. WALKER aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE and PHILLIP T. KAPP, received the following electronically deposited payments into Caledonian Agency Inc.'s Bank of Hawaii corporate bank account XXXX-XX9134 in furtherance of the fraud described in Paragraphs 46 and 47 above:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 6 | May 5, 2015 | Wire Transfer from **OCEAN WARRIOR LLC** in the amount of $136,457.42 |
| 7 | May 5, 2015 | Wire Transfer from **FONG KUO FISHERY CO, LTD** in the amount of $189,450.34 |
| 8 | September 4, 2015 | Wire Transfer from **FRIESLAND FISHING COMPANY LLC** in the amount of $134,219.92 |
| 9 | December 1, 2015 | Wire Transfer from **GOLDEN VILLAGE GLOBAL LIMITED** in the amount of $194,193.52 |
| 10 | December 17, 2015 | Wire Transfer from **FRIESLAND FISHING COMPANY LLC** in the amount of $120,000.00 |

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

INDICTMENT - 11
Case 1:18-cr-00010   Document 1   Filed 05/30/18   Page 11 of 18

## COUNTS 11-16 MONEY LAUNDERING

49. Paragraphs 1 through 48 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

50. On or about February 28, 2014, the corporate signature card for the Caledonian Agency, Inc. account, xxxx-xx9134, with the Bank of Hawaii was updated to reflect that the nature of the business was for *investment* and the President JOHN D. WALKER, Vice President and Manager MARVIN R. REED, Chief Pilot and Manager KENNETH R. CROWE were authorized signers on the corporate account.

51. On or about February 28, 2014, the corporate signature card for Hansen Northern Helicopters, Inc. account, xxxx-xx3534, with the Bank of Hawaii was updated to reflect the nature of the business was for *airline* and President JOHN D. WALKER, Vice President and Manager MARVIN R. REED, and Chief Pilot and Manager KENNETH R. CROWE were authorized signers on the corporate account.

52. On or about February 28, 2014, the corporate signature card for Hansen Helicopters, Inc. account, xxxx-xx5448, with the Bank of Hawaii was updated to reflect the nature of the business was for *helicopter service* and President JOHN D. WALKER, Vice President and Manager MARVIN R. REED, and Chief Pilot and Manager KENNETH R. CROWE were authorized signers on the corporate account.

53. On or about March 19, 2014, JOHN D. WALKER opened a business bank account, xxx4056, for Walker Agricola, LLC with Community Bank and Trust, which listed JOHN D. WALKER as an owner and signer.

54. In or about December 2016, in the District of Guam and elsewhere, the defendant JOHN D. WALKER aka JON WALKER knowingly engaged or attempted to engage, in

monetary transactions, that is the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, as more fully described in the paragraphs of Counts 3 through 10 of this Indictment, to wit:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 11 | December 14, 2016 | WALKER electronically transferred $3,000,000.00 from Caledonian's Bank of Hawaii corporate bank account, XXXX-XX9134, to Hansen Northern's Bank of Hawaii corporate bank account, XXXX-XX3534. |
| 12 | December 15, 2016 | WALKER electronically transferred $3,000,000.00 from Caledonian's Bank of Hawaii corporate bank account, XXXXXX9134, to Hansen Northern's Bank of Hawaii corporate bank account, XXXX-XX3534. |
| 13 | December 16, 2016 | WALKER electronically transferred $200,000.00 from Caledonian's Bank of Hawaii corporate bank account, XXXX-XX9134, to Hansen's Bank of Hawaii corporate bank account, XXXX-XX5448. |
| 14 | December 16, 2016 | WALKER electronically transferred $500,000.00 from Caledonian's Bank of Hawaii corporate bank account, XXXX-XX9134, to Hansen Northern's Bank of Hawaii corporate bank account, XXXX-XX3534. |
| 15 | December 19, 2016 | WALKER electronically transferred $2,500,000.00 from Hansen Northern's Bank of Hawaii corporate bank account, XXXX-XX3534, to Walker Agricola LLC's Community Bank and Trust business bank account, XXX4056. |
| 16 | December 20, 2016 | WALKER electronically transferred $2,500,000.00 from Hansen Northern's Bank of Hawaii corporate bank account, XXXX-XX3534, to Walker Agricola LLC's Community Bank and Trust business bank account, XXX4056. |

All in violation of Title 18, United States Code, Section 1957.

## COUNTS 17-19 DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS

55. On or about the following dates, in the District of Guam and elsewhere, defendant KENNETH R. CROWE, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of the NTSB and FAA, agencies of the United States:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 17 | September 12, 2015 | CROWE submitted logbook entries for aircraft N9068F to the FAA for its crash investigation into aircraft N9068F, knowing that the logbook entries were false. |
| 18 | March 4, 2016 | CROWE sent the FAA a signed affidavit stating that aircraft N9068F crashed at sea and the aircraft's registration and certificate of airworthiness were lost with the aircraft when in fact the defendant was in possession of both the registration and certificate of airworthiness for aircraft N9068F. |
| 19 | March 3, 2017 | CROWE submitted to the NTSB an NTSB Form 6120.1, Pilot/Operator Aircraft Accident/Incident Report stating that the pilot and spotter for aircraft N805LA suffered minor injuries, and noted "None" in the description of damage to the aircraft, when in fact, CROWE then and there knew, the pilot and spotter sustained serious injuries, and aircraft N805LA sustained significant damage. |

All in violation of Title 18, United States Code, Section 1519.

## COUNT 20- DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS

56. On or about September 10, 2015, in the District of Guam and elsewhere, defendant PHILLIP T. KAPP knowingly altered, destroyed, mutilated, concealed, covered up, falsified, or made a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of the FAA, an agency of the United States, to wit: PHILLIP T. KAPP made entries

INDICTMENT - 14

into aircraft N9068F's records that stated he performed inspections and maintenance on aircraft N9068F, when in fact he did not perform the stated inspections or maintenance.

All in violation of Title 18, United States Code, Section 1519.

## COUNT 21-ATTEMPTED DESTRUCTION OF AN AIRCRAFT

57. On or about February 22, 2017, in the District of Guam and elsewhere, defendant KENNETH R. CROWE did knowingly and willfully attempt to damage, destroy, disable and wreck aircraft N805LA, which was an aircraft in the special aircraft jurisdiction of the United States and a civil aircraft used, operated and employed in interstate, overseas and foreign air commerce, to wit: the defendant ordered that aircraft N805LA be allowed to sink to the ocean floor after it had crashed on the surface.

All in violation of Title 18, United States Code, Sections 32(a)(1) and 32(a)(8).

## COUNT 22-FALSE STATEMENT

58. On or about March 4, 2016, in the District of Guam and elsewhere, defendant KENNETH R. CROWE knowingly and willfully did make materially false, fictitious, or fraudulent statements or representations in a matter within the jurisdiction of the FAA, a part of the executive branch of the Government of the United States, to wit: the defendant sent the FAA a signed affidavit, dated March 4, 2016, stating that aircraft N9068F crashed at sea and the aircraft's registration and certificate of airworthiness were lost with the aircraft when in fact the defendant was in possession of both the registration and Airworthiness Certificate.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 23-FALSE STATEMENT

59. On or about February 20, 2018, in the District of Guam and elsewhere, defendant KENNETH R. CROWE, knowingly and willfully did make materially false, fictitious,

, or fraudulent statements or representations in a matter within the jurisdiction of the FAA, a part of the executive branch of the Government of the United States, to wit: the defendant submitted to the FAA a notarized statement to cancel the registration for aircraft N243D, serial number 691203, because the aircraft had been exported to the Philippines, when in fact the aircraft had not been exported to the Philippines.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATIONS

### Forfeiture Allegation No. 1 – Wire Fraud

Upon conviction of any of the Counts 3 to 10 of this Indictment, defendants JOHN D. WALKER aka JON WALKER, MARVIN R. REED, and KENNETH R. CROWE, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT. A sum of money equal to the total value of proceeds directly or indirectly from the commission of the offense of convictions, for which the defendants are jointly and severally liable.

### Forfeiture Allegation No. 2 – Money Laundering

The allegations contained in all paragraphs of Counts 11 through 16 of this Indictment are re-alleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982.

The United States hereby gives notice to JOHN D. WALKER aka JON WALKER that, upon conviction of the offense in violation of Title 18, United States Code, Section 1957,

charged in Counts 11 through 16 of the Indictment, the government will seek forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offense and all property traceable to such property, including but not limited to a sum of money equal to at least approximately $5,018,114.45 in United States currency, and including the following seized items:

   a. $25,883.33 seized on February 6, 2018, from account XXXX-XX5448 held in the name of Hansen Helicopters, Inc. at Bank of Hawaii.

   b. $649,208.25 seized on February 6, 2018, from account XXXX-XX9134 held in the name of Caledonian Agency, Inc. at Bank of Hawaii.

   c. $1,043,262.16 seized on February 6, 2018, from account XXX4056 held in the name of Walker Agricola LLC at Community Bank and Trust.

   d. $2,924,544.16 seized on March 7, 2018, from account XXX-XX6330 held in the name of John D. Walker at National Financial Services, LLC.

//
//
//
//
//
//
///
//
//
//
//
//

## SUBSTITUTE ASSETS

If any of the property described above in the Forfeiture Allegations as a result of any act or omission of the defendants,

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States of America, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

DATED this 30 day of May, 2018.

A TRUE BILL.

REDACTED

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: _____
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

INDICTMENT - 18