IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM


UNITED STATES OF AMERICA,    ) Criminal Case No. 18-00010
                             )
               Plaintiff,  )
                             )
         vs.                )
                             )
JOHN D. WALKER, et al.,      )
                             )
_____ Defendants. )


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE FRANCES TYDINGCO-GATEWOOD,
CHIEF JUDGE
MAY 9, 2022; 7:37 A.M.
HAGATNA, GUAM


**Evidentiary Hearing**


Proceedings recorded *by certified stenographer, transcript produced by computer.*

Veronica F. Flores, CSR-RPR
Official Court Reporter
veronica_flores@gud.uscourts.gov

APPEARANCES


Appearing on behalf of plaintiff:


**OFFICE OF THE UNITED STATES ATTORNEY**
**BY: MARIE MILLER, SAUSA,**
**SAMANTHA MILLER, SAUSA,**
**STEPHEN LEON GUERRERO, AUSA**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
(671) 472-7332


Appearing on behalf of Defendant Walker:

**MARTIN LAW OFFICE**
**BY: MACK K. MARTIN, ESQ.**
125 Park Avenue, 5th Floor
Oklahoma City, OK 73102
(405) 236-8888


Appearing on behalf of Defendant Kapp:

**MCCONWELL LAW OFFICES**
**BY: EDWARD A. MCCONWELL, SR., ESQ.**
**LAURA MCCONWELL, ESQ.**
5201 Johnson Drive, Suite 300
Mission, KS 66205
(913) 262-0605

**LAW OFFICE OF ANTHONY C. PEREZ**
**BY: ANTHONY C. PEREZ, ESQ.**
238 Archbishop Flores Street
Suite 802, DNA Building
Hagatna, Guam 96910
(671) 475-5055

Appearing on behalf of Defendant Hansen:

**LAW OFFICE OF EDWARD C. HAN**
**BY: EDWARD C. HAN, ESQ.**
238 Archbishop Flores Street
DNA Building, Suite 802
Hagatna, Guam 96910
(671) 477-5055

ALSO PRESENT:

John D. Walker, Defendant

---------------------------------------------

I N D E X

Page

Defense Attorneys McConwells to withdraw
representation of Defendant Kapp and Attorney
Anthony Perez to take over representation          9

| | | |
|---|---|---|
| 1 | May 9, 2022; 7:37 a.m.; Hagatna, Guam | 07:21AM |
| 2 | * * * | 07:21AM |
| 3 | | 07:21AM |
| 4 | THE CLERK:  Good morning, Your Honor.  Criminal | 07:37AM |
| 5 | Case No. 18-00010, *United States of America versus John D.* | 07:37AM |
| 6 | *Walker, Phillip T. Kapp, Hansen Helicopters;* Evidentiary | 07:37AM |
| 7 | Hearing. | 07:37AM |
| 8 | Counsel, please state your appearances beginning | 07:37AM |
| 9 | with the government. | 07:37AM |
| 10 | MR. LEON GUERRERO:  Buenas and hafa adai, Your | 07:37AM |
| 11 | Honor, Stephen Leon Guerrero on behalf of United States.  Also | 07:37AM |
| 12 | -- | 07:37AM |
| 13 | THE COURT:  Okay, I think the mics are -- let me | 07:37AM |
| 14 | see if the mic is on.  Go ahead. | 07:37AM |
| 15 | MR. LEON GUERRERO:  Stephen Leon Guerrero on | 07:37AM |
| 16 | behalf of United States.  Also present are Special Assistant | 07:37AM |
| 17 | U.S. Attorneys Marie Miller and Samantha Miller. | 07:37AM |
| 18 | MS. M. MILLER:  Hafa adai, Your Honor. | 07:37AM |
| 19 | THE COURT:  Hafa adai, good morning everyone. | 07:37AM |
| 20 | MR. MARTIN:  Good morning, Your Honor, Mack | 07:37AM |
| 21 | Martin on behalf of John Walker who is also present. | 07:38AM |
| 22 | THE COURT:  Okay, good morning, Mr. Walker, Mr. | 07:38AM |
| 23 | Martin. | 07:38AM |
| 24 | THE DEFENDANT:  Morning. | 07:38AM |
| 25 | MR. MCCONWELL:  Morning, Your Honor, Edward | 07:38AM |

1  McConwell, Laura McConwell and Anthony Perez for Mr. Kapp, and

2  also Mr. Ed Han is here for Hansen Helicopters, Inc.  And we

3  entered our appearance on -- contingent on the Court's rule --

4  ruling for Hansen Helicopters pursuant to release from our

5  client contract waiver, contract waiver.

6        THE COURT:  And what about Mr. Kapp, what's his

7  status right now?

8        MR. MCCONWELL:  About an hour ago, I got a text

9  -- well, maybe just a little bit more than that ago, got from

10  his mother, he had a bad episode last night, sleep walking and

11  had some problems and she couldn't wake him up.  So she took

12  -- had an emergency -- had an ambulance take him to the

13  emergency room and he's been readmitted to Mayo Clinic in

14  Phoenix and he's just not going to be available today.

15        THE COURT:  He's not available for today.  Okay,

16  very well.  Thank you for --

17        MR. MCCONWELL:  I do have her phone number if you

18  need to talk to her.

19        THE COURT:  No, I will take your word as an

20  officer of the court, Mr. McConwell.

21        All right.  So we are here before the Court, I

22  don't -- I don't think we need to seal this part, do we?

23  We're not going to talk about his medical issues.  The Court

24  already knows what the medical issues are.  It's just the

25  conflict part.  So I don't feel it needs to be sealed, do you,

```
 1    Counsels?                                                      07:39AM

 2              MR. MCCONWELL:  I don't.                             07:39AM

 3              THE COURT:  Let me just ask, Mr. McConwell, Ms.      07:39AM

 4    McConwell?                                                     07:39AM

 5              MR. MCCONWELL:  We don't -- it'd be fine to have     07:39AM

 6    it open, Your Honor.                                           07:39AM

 7              MS. MCCONWELL:  As long as we're not going to        07:39AM

 8    talk about -- you have the information.                        07:39AM

 9              THE COURT:  No, I have the information.  I don't     07:39AM

10    need to go through that.  And then prosecution, Ms. Marie      07:39AM

11    Miller?                                                        07:39AM

12              MS. M. MILLER:  No objection, Your Honor, to it      07:39AM

13    being open.                                                    07:39AM

14              THE COURT:  Okay, very well.  And then Mr.           07:39AM

15    Martin, Mr. Han, you would agree?                              07:39AM

16              MR. MARTIN:  No problem, Your Honor, fine with       07:39AM

17    Mr. Walker.                                                    07:39AM

18              MR. HAN:  None, Your Honor.                          07:39AM

19              THE COURT:  All right.  So this is an evidentiary    07:39AM

20    hearing on the proposed waiver of conflict of interest in the  07:39AM

21    joint stipulation filed by the parties on May 5, 2022 and the  07:40AM

22    Court has looked at Rule 44(c).  So I need to inquire promptly  07:40AM

23    about the propriety of joint representation and must            07:40AM

24    personally advise each defendant of the right to effective     07:40AM

25    assistance of Counsel, including separate representation.      07:40AM
```

1    Now, obviously we can't speak to Mr. Kapp because
2  he is ill, not able to make it. So that's one issue. And
3  unless there is good cause to believe that no conflict of
4  interest is likely to arise, the Court must take appropriate
5  measures to protect each defendant's right to Counsel.
6    Let me tell you something, I am not a fan of
7  joint representation. To be perfectly honest with you, no man
8  can serve two masters, as they say in the Bible. And I just
9  don't -- I just am not a fan of it. I know that there is an
10  alleged -- and I just say that, you know, because we haven't
11  really -- anyway, there is an allegation that there is a joint
12  defense presentation, although there is some issues regarding
13  that, but putting that aside, the parties have proposed that
14  Defendant Kapp's off-island Counsel, Laura and Ed McConwell,
15  entered an appearance on behalf of Defendant Hansen
16  Helicopters as well. The Court has severed Kapp -- Mr. Kapp's
17  presence for this trial. And though -- even though Defendant
18  Kapp's been severed, the representation would still be one of
19  which the McConwells could be Counsel for both Kapp and --
20  Mr. Kapp, excuse me, and Hansen Helicopters.
21    And as the parties know, the U.S. Supreme Court
22  generally disfavors joint representation because even the
23  unexpected conflict that could arise later, may not be right
24  now at this moment, although I think there could be or there
25  is, but I'll tell you, having been forced to -- not forced, I

*Criminal Case No. 18-00010, USA v. Walker, et al.*

 1   shouldn't say forced because you can't really force the judge          07:42AM

 2   unless -- well, let's put it this way, having been in a                07:42AM

 3   situation where a defendant -- defense Counsel represented two         07:42AM

 4   defendants and another judge found that there was no conflict,         07:42AM

 5   when it came to sentencing, there clearly was a conflict.  I           07:42AM

 6   mean maybe during the course of the plea agreement or the             07:42AM

 7   trial there wasn't, but I'm just telling you that that's an           07:42AM

 8   issue.                                                                07:42AM

 9           The Court is concerned with not only a potential             07:42AM

10   conflict later, like as I've just indicated, but the fact that        07:42AM

11   the Defendant Hansen Helicopters, who's being represented ably        07:42AM

12   by Mr. Ed Han, they are said to be paying for Defendant Kapp's        07:42AM

13   legal representation.  The fact that Mr. Kapp's capacity to           07:42AM

14   waive a conflict is right now limited, because he can't be           07:43AM

15   here, he can't be on the phone, he can't be -- and I don't           07:43AM

16   want him just on the phone, I want to see him -- he doesn't          07:43AM

17   have to be here live but I would like to see him via Zoom, I         07:43AM

18   want to see him video.  And the fact is -- and there is no          07:43AM

19   dispute as to what I'm saying, is that Defendant Hansen             07:43AM

20   Helicopters is Mr. Kapp's employer.                                 07:43AM

21           So where do we go from here?  Let me hear from             07:43AM

22   Mr. or Ms. McConwell, then I'll hear from the prosecution.         07:43AM

23   And Mr. Han too.  Yes, I mean we have the jury and I've asked       07:43AM

24   the jury to come back this afternoon.  I wanted to get this        07:43AM

25   taken care of.  So the jurors are coming in at 1:00, I think.     07:43AM

1    What do you think?                                                    07:43AM

2           MS. MCCONWELL:  Your Honor, in reviewing your                  07:43AM

3    order and the concerns that you raised in light of *U.S. versus*      07:44AM

4    *Wheat*, *Holloway v. Arkansas*, you know, we have said that we       07:44AM

5    have jointly been working on a defense -- our -- jointly with         07:44AM

6    all Counsel.                                                          07:44AM

7           In fact, last week when we brought this to the                 07:44AM

8    Court's attention, the concern -- and at the hearing with our         07:44AM

9    concerns about Mr. Kapp, is that, you know, we would need to          07:44AM

10   -- the trial will just need to be continued on, and so a way         07:44AM

11   for that not to happen would be for us to shift to be able to        07:44AM

12   also represent Hansen Helicopters who, as you said, is               07:44AM

13   Mr. Kapp's employer, and pursuant to the Rules of Professional       07:44AM

14   Responsibility, an employer and an employee can be represented      07:44AM

15   by the same Counsel.  Mr. Kapp will continue to be represented      07:44AM

16   by Mr. Perez.  Where -- he is not -- he is not going to enter       07:44AM

17   an appearance with Hansen Helicopters because Mr. Han is            07:44AM

18   representing Hansen Helicopters.  So we would be representing        07:44AM

19   Hansen with --                                                       07:44AM

20          THE COURT:  Oh, I see.  So you're totally -- I'm             07:45AM

21   sorry.  So you're totally like withdrawing representation of        07:45AM

22   Mr. Kapp?  And Mr. Perez is taking over when Kapp is able to        07:45AM

23   come into trial?                                                     07:45AM

24          MS. MCCONWELL:  Yes.                                         07:45AM

25          THE COURT:  Oh, so you guys are -- so today                  07:45AM

1    you're issuing -- I mean if you're doing a withdrawal                    07:45AM

2    completely, and -- uhh -- and -- yeah, I guess.  I mean I --             07:45AM

3    yeah, go ahead.                                                          07:45AM

4                MS. MCCONWELL:  I do need to respond to a motion             07:45AM

5    that the government filed last week which was relating to a              07:45AM

6    motion that we had filed you know -- we filed on behalf of Mr.           07:45AM

7    Kapp and that's due later this week.  So we do need to file --           07:45AM

8    we do need to file that, but then we can withdraw from Mr.               07:45AM

9    Kapp; he's got Mr. Perez.  We -- and we went and entered our             07:45AM

10   appearance for Hansen Helicopters so that we -- you're not               07:45AM

11   going to have the record protected, because I wasn't clear in            07:45AM

12   reading the local rules how -- for instance pro hac vice, how            07:45AM

13   that shifts.  And so I didn't think we needed to file a whole            07:46AM

14   separate --                                                              07:46AM

15               THE COURT:  No, I don't -- you don't -- we could             07:46AM

16   talk about the pro hac vice thing later.  That's not really a            07:46AM

17   major issue.  I mean that's not a major issue in terms of                07:46AM

18   payment right now, okay.                                                 07:46AM

19               So just to be clear, what is the motion that's               07:46AM

20   outstanding that you want to reply to?                                   07:46AM

21               MS. MCCONWELL:  Sanction, motion for sanctions               07:46AM

22   and to strike the cross motion for motion in limine.                     07:46AM

23               THE COURT:  Okay.  All right.  All right.  But to            07:46AM

24   be clear, you want to have that ability to do that but with              07:46AM

25   regard to the representation of Mr. Kapp for trial right now,            07:46AM

| | |
|---|---|
| 1 | you want to withdraw and Mr. Perez is going to take over? | 07:46AM |
| 2 | MS. MCCONWELL: Will stay. | 07:46AM |
| 3 | THE COURT: And -- okay, okay, thank you. | 07:46AM |
| 4 | MS. MCCONWELL: And then we have -- Mr. Kapp did | 07:46AM |
| 5 | execute a waiver and a consent to this and did his mother -- | 07:46AM |
| 6 | and as did his mother, who is his power of attorney. | 07:46AM |
| 7 | THE COURT: Right, so -- but you know what, I | 07:46AM |
| 8 | like to see these guys in person. | 07:46AM |
| 9 | MS. MCCONWELL: Right, no, I understand that. We | 07:47AM |
| 10 | were concerned that this happened. He didn't expect that he'd | 07:47AM |
| 11 | be very sick. | 07:47AM |
| 12 | THE COURT: Well, it sounds like he's very sick | 07:47AM |
| 13 | so I don't disbelieve that. I guess the question is, he's so | 07:47AM |
| 14 | sick he can't even do a conflict, I mean he can't even talk to | 07:47AM |
| 15 | me probably, and until -- you know, intelligent knowing waiver | 07:47AM |
| 16 | of conflict, he probably can't do that. | 07:47AM |
| 17 | MS. MCCONWELL: We kept, you know, hoping -- he | 07:47AM |
| 18 | kind of has his good days and his bad days. | 07:47AM |
| 19 | THE COURT: Yeah. I mean, well, clearly, he has | 07:47AM |
| 20 | to give a knowing intelligent waiver, so he can't do that. | 07:47AM |
| 21 | MS. MCCONWELL: Right. | 07:47AM |
| 22 | THE COURT: Okay, thank you. Mr. Perez, do you | 07:47AM |
| 23 | agree that you are going to now be lead Counsel for Mr. Kapp, | 07:47AM |
| 24 | if he comes back into the fold with trial? | 07:47AM |
| 25 | MR. PEREZ: I agree. | 07:47AM |

```
 1              THE COURT:  Okay.  Mr. Han, you -- what's your      07:47AM
 2    position of having the McConwells join you as Counsel?        07:47AM
 3              MR. HAN:  I agree to them joining the              07:47AM
 4    representation, Your Honor.                                   07:47AM
 5              THE COURT:  So the three of you will be Counsels   07:47AM
 6    for Hansen Helicopters?                                       07:47AM
 7              MR. HAN:  Correct.                                 07:47AM
 8              THE COURT:  All right.  And so U.S. attorneys,      07:48AM
 9    well, sounds like wow, that was the easiest fix, maybe.  I    07:48AM
10    guess.                                                        07:48AM
11              MS. M. MILLER:  No, Your Honor -- good morning.    07:48AM
12              THE COURT:  Good morning.                          07:48AM
13              MS. M. MILLER:  We knew there was going to be a    07:48AM
14    request for joint representation.  What we didn't know until  07:48AM
15    this weekend was that they were going to withdraw completely  07:48AM
16    as representation -- as lawyers for Mr. Kapp.                 07:48AM
17              THE COURT:  Yeah.                                  07:48AM
18              MS. M. MILLER:  Which I think, if they represent,  07:48AM
19    which they have that, you know, there is no conflict and      07:48AM
20    Mr. Kapp waives that conflict and Hansen Helicopters obviously 07:48AM
21    waives any conflict, I think then we're perfectly fine.  Until 07:48AM
22    this point, there hasn't been a divergent of -- defense,      07:48AM
23    because there's been this ostensible joint defense agreement,  07:48AM
24    so everything has been consistent there.                     07:48AM
25              I think the one thing that I want to remind Your   07:48AM
```

 1  Honor is that the government did file a motion regarding the  07:48AM

 2  fact that we do believe that Ed McConwell may be a witness in  07:48AM

 3  this case at some point.  And the reason why I bring this up  07:48AM

 4  and it's interesting because it is associated with this motion  07:48AM

 5  for sanctions, the defense attorneys, in a pleading,  07:48AM

 6  specifically ECF 541, said on the record on behalf of their  07:49AM

 7  defendants that the helicopters were owned by the Vanuatu  07:49AM

 8  companies, and you've heard that in argument with Mr. Reed,  07:49AM

 9  and that they were registered in Vanuatu.  07:49AM

10        After they made that representation in a pleading  07:49AM

11  that they filed with the Court as representatives of the Court  07:49AM

12  but also of their clients, I then contacted defense Counsel  07:49AM

13  and said, I know that these helicopters were never registered  07:49AM

14  in Vanuatu and you made that assertion to the Court in a filed  07:49AM

15  document.  They then retracted their statement in ECF 571 and  07:49AM

16  they said that representing to the Court that these  07:49AM

17  helicopters were owned and registered in Vanuatu was a  07:49AM

18  mistake, it was a clerical mistake, it was unintended, they  07:49AM

19  did not intend to do that.  That's in ECF 571.  Then in reply  07:50AM

20  to a motion filed by the government, we again see Mr.  07:50AM

21  McConwell in 2022 making a representation that the helicopters  07:50AM

22  are owned and registered in Vanuatu, when again, the  07:50AM

23  government knows for a fact that the helicopters have never  07:50AM

24  been registered in Vanuatu.  07:50AM

25        So we have these representations being made on  07:50AM

| | | |
|---|---|---|
| 1 | behalf of the defendants that are obviously -- they can't both | 07:50AM |
| 2 | be true that they are or they are not.  We know they are not. | 07:50AM |
| 3 | We have substantial evidence in the record about the ownership | 07:50AM |
| 4 | of the helicopters and the registration of the helicopters, | 07:50AM |
| 5 | which begs the question, why are these assertions being made | 07:50AM |
| 6 | in documents that are being filed with the Court?  Because we | 07:50AM |
| 7 | have 541 and we have 571 -- | 07:50AM |
| 8 | THE COURT:  Okay. | 07:50AM |
| 9 | MS. M. MILLER:  -- then we have the | 07:50AM |
| 10 | representation just recently in 14 -- I can't remember the | 07:50AM |
| 11 | exact number, but I'll get it for you with the ECF.  So moving | 07:51AM |
| 12 | forward, and this is an issue we raised earlier, if the | 07:51AM |
| 13 | defendants are going to rely on advice of Counsel that an | 07:51AM |
| 14 | attorney told them that they can continue operating the way | 07:51AM |
| 15 | they're operating because the FAA should have never registered | 07:51AM |
| 16 | the aircraft in the first place, which we believe is not a | 07:51AM |
| 17 | legal defense to these charges because these are criminal | 07:51AM |
| 18 | charges, this is not an administrative proceeding, if that | 07:51AM |
| 19 | attorney is Ed McConwell, which we believe it is, because the | 07:51AM |
| 20 | only evidence in the record of this assertion is by | 07:51AM |
| 21 | Mr. McConwell, then Mr. McConwell becomes a witness. | 07:51AM |
| 22 | Now, this could be a very elegant solution, if | 07:51AM |
| 23 | they withdraw and they're permitted to withdraw from | 07:51AM |
| 24 | representation of Kapp, fantastic, because now they're | 07:51AM |
| 25 | co-Counsel with Mr. Han, which means when this is fully | 07:51AM |

1   developed with the Court, I think you will see, Your Honor,          07:51AM

2   that the only evidence in the record to support this assertion       07:52AM

3   is Mr. McConwell.  If the Court then agrees he has to be a           07:52AM

4   witness, because that is the only way this is fairly shaken          07:52AM

5   out, then it doesn't stop the trial, it doesn't prejudice           07:52AM

6   Hansen Helicopters, because they have been adequately               07:52AM

7   represented, as Your Honor has recognized, by Mr. Han.              07:52AM

8           So if he has to pull out and become a witness at           07:52AM

9   that point, that's fine.  I just want to make sure Your Honor        07:52AM

10  is aware that this is an issue that has been T'ed up from the        07:52AM

11  beginning.  We have four times filed motions regarding             07:52AM

12  potential conflict because the only evidence in the record of       07:52AM

13  this defense has been from Mr. McConwell.  There is no other        07:52AM

14  evidence in the record.                                             07:52AM

15          So if they're going to continue to argue this,             07:52AM

16  then the government needs to be able to cross-examine the           07:52AM

17  basis for this assertion and this argument.  So I just want         07:52AM

18  Your Honor to be aware of that because that is a potential          07:52AM

19  issue.                                                              07:52AM

20          THE COURT:  All right, very well.                          07:52AM

21          MS. M. MILLER:  And it's ECF 1518 was the ECF,             07:53AM

22  the most recent one where we see the re-emergence of the           07:53AM

23  assertion of Vanuatu.                                               07:53AM

24          MS. MCCONWELL:  For sanctions --                           07:53AM

25          (Cour reporter asked Counsel speak on microphone.)         07:53AM

|   |   |   |
|---|---|---|
| 1 | THE COURT:  Yes, I'm sorry, Ms. McConwell? | 07:53AM |
| 2 | I'm sorry, can you get on the mic?  I'm sorry, we | 07:53AM |
| 3 | can't hear you. | 07:53AM |
| 4 | MS. MCCONWELL:  1518 is the government's sanction | 07:53AM |
| 5 | motion, which the time for us to respond has -- | 07:53AM |
| 6 | MS. M. MILLER:  Yes, and theirs is 1419? | 07:53AM |
| 7 | MS. S. MILLER:  92. | 07:53AM |
| 8 | MS. M. MILLER:  1492, I'm sorry.  So if you look | 07:53AM |
| 9 | at 541, that's where they say "owned and registered by | 07:53AM |
| 10 | Vanuatu"; 571 that's where they say "we made a mistake, we're | 07:53AM |
| 11 | retracting that statement that they're owned and registered by | 07:53AM |
| 12 | Vanuatu."  Then 1492, they again are making the statement | 07:53AM |
| 13 | "owned and registered by Vanuatu" and that's why we filed to | 07:53AM |
| 14 | the motion for sanctions, because you can't have it both ways. | 07:53AM |
| 15 | And that's the motion that Ms. McConwell said they want to | 07:53AM |
| 16 | stay as Counsel for Kapp until they respond to that motion and | 07:53AM |
| 17 | then they'll withdraw as Counsel for Kapp and they will be | 07:53AM |
| 18 | co-Counsel for Hansen. | 07:54AM |
| 19 | THE COURT:  I think it's maybe 573, not 571.  But | 07:54AM |
| 20 | go ahead. | 07:54AM |
| 21 | MS. M. MILLER:  So 541, then 571, I believe, is | 07:54AM |
| 22 | the retraction. | 07:54AM |
| 23 | THE COURT:  I think it's 573, not 571. | 07:54AM |
| 24 | MS. M. MILLER:  Okay, and then it was 1492 was | 07:54AM |
| 25 | where they reassert. | 07:54AM |

1    THE COURT:  Okay.  Thank you.  Yes,                    07:54AM

2  Mr. McConwell?                                           07:54AM

3    MR. MCCONWELL:  And I told Ms. Miller this             07:54AM

4  before, the reference back years ago to being registered in   07:54AM

5  Vanuatu was by my co-Counsel, J. Michael Westin in Texas, he  07:54AM

6  did that without my knowledge and I regret I didn't catch it  07:54AM

7  and we corrected it right away.  I don't believe I've ever    07:54AM

8  said since that point that there[sic] have ever been    07:54AM

9  registered in Vanuatu.  I can't imagine I would have said it  07:54AM

10 because it's not true.                                    07:54AM

11   THE COURT:  Okay.  Well --                             07:54AM

12   MR. MCCONWELL:  And then if I had to be called as      07:54AM

13 a witness for them, I don't think that even disqualifies me.  07:54AM

14 If I had to be called by as a witness for our case, that might  07:54AM

15 be something different, but we need to respond to your motion  07:55AM

16 because we're not saying what she's saying.               07:55AM

17   THE COURT:  Okay, well, let me just think about        07:55AM

18 this then.  I think I may allow you to respond of course and   07:55AM

19 then just at least for the limited purpose of continuing your  07:55AM

20 representation of Mr. Kapp and then allow you to submit in     07:55AM

21 writing that you have spoken to your client that he agrees     07:55AM

22 that you guys are withdrawing -- that you have spoken     07:55AM

23 previously when he was of sound mind and that you are actually  07:55AM

24 withdrawing and he understands that and he understands that    07:55AM

25 you are moving to work -- I mean to jointly represent the  07:55AM

1  Hansen Helicopters, as long as you could indicate that to me,
2  I'll take your word for it.  Yes?

3         MR. MCCONWELL:  He has and he was lucid when he
4  signed the waiver, conflict waiver, and Mr. Perez talked to
5  him, he said you have right to other Counsel to talk about it,
6  he did that with Mr. Perez.  He was lucid when he talked to
7  Mr. Perez and he totally understood the whole issue.

8         THE COURT:  All right.  So just put that in
9  writing what you -- just memorialize that in writing so I can
10 just have that on the record that all of you have spoken to
11 him at the time when he could make a knowing intelligent
12 decision about what's going on.

13        All right.  And so it makes everything less
14 complicated that we are not having a joint representation,
15 because I really am not -- I was not going to allow that.  I
16 don't care, I just -- like I said, I've seen this happen
17 unfold and it just always unravels to the worst degree.  Yes?

18        MS. M. MILLER:  This is the concern the
19 government has:  Mr. McConwell just stood up and as officer
20 the Court said "I wouldn't have said the helicopters are
21 registered in Vanuatu because I know that's not true."  I am
22 reading directly from 1492, ECF 1492, "Argument, the Vanuatu
23 registered aircraft have never been civil aircraft of the
24 U.S."  This is on page 2 of Exhibit 1492.  ECF 1492.  And this
25 is a document that was signed by Mr. McConwell as an officer

| | |
|---|---|
| 1 | of the Court. |
| 2 | THE COURT:  Okay, so why don't we -- we'll go |
| 3 | ahead and resolve that when we need to resolve it.  I don't |
| 4 | need to get into the merits of it because, honestly, I have to |
| 5 | just read it and, you know, fully informed. |
| 6 | All right.  Okay, so things are a lot better. |
| 7 | How is everybody?  The good news is the jurors are still in |
| 8 | one piece. |
| 9 | MS. M. MILLER:  Yay. |
| 10 | THE COURT:  And also too, as you probably have |
| 11 | heard, I just got back from Washington, D.C. a couple days or |
| 12 | actually, I think Thursday night.  And so I know I sound like |
| 13 | I have a cold but I'm actually have a little allergies and I |
| 14 | had that in D.C., you probably heard me.  I do not have COVID. |
| 15 | I just want you all to know that.  I tested every day I was in |
| 16 | Washington, D.C. |
| 17 | MS. M. MILLER:  The allergies, Your Honor, just |
| 18 | so you know, in that area, are horrific. |
| 19 | THE COURT:  Oh, yeah, so I mean -- but they also |
| 20 | required every judge, every federal judge to test every |
| 21 | morning. |
| 22 | MS. M. MILLER:  Wow. |
| 23 | THE COURT:  In D.C. for like six days, to self |
| 24 | administer a home test.  If you're not used to it, it's very |
| 25 | hurtful.  It hurts.  So -- and I still continue to test |

07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:57AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM
07:58AM

1  because one of the judges just wrote us a note, and said "Oh, 07:58AM

2  sorry, I was sitting next to you, Judge, and I tested positive 07:58AM

3  but I don't have symptoms and I'm still negative."  So just an 07:58AM

4  FYI.  I bring all this to your attention because the governor, 07:58AM

5  during my absence, has lifted the mask requirements, so I have 07:58AM

6  altered my General Order here at the District Court and I've 07:58AM

7  indicated that pursuant to the governor's executive order that 07:58AM

8  we would follow suit and that we would make it optional. 07:59AM

9  There are some people that still wish to wear masks, including 07:59AM

10 the jurors. 07:59AM

11         At first I considered back and forth should I 07:59AM

12 make the jurors wear a mask, and I thought, well, you know, 07:59AM

13 Guam is pretty much vaccinated and we're not in the clear but 07:59AM

14 I mean we're looking good and so I just decided to make it 07:59AM

15 optional for them.  Okay?  All right.  Any problems with that, 07:59AM

16 Counsels? 07:59AM

17         (No response.) 07:59AM

18         THE COURT:  All right.  But I will say that the 07:59AM

19 questions downstairs in the entryway is still relevant because 07:59AM

20 we want to make sure that, you know, yeah, we want to make 07:59AM

21 sure that people are -- just have your mask just in case if 07:59AM

22 there is issues, but we want to make sure that before people 07:59AM

23 enter the courthouse, that they don't have the symptoms of 07:59AM

24 COVID and if they have it, they shouldn't even be over here at 07:59AM

25 the courthouse, but I did tell the jurors not to -- I wasn't 08:00AM

*Criminal Case No. 18-00010, USA v. Walker, et al.*

1    sure how long this would go today, this morning, this                08:00AM

2    particular hearing.  Plus also I have a law month activity           08:00AM

3    that I did not know, I forgot that I was involved in.  So I'm        08:00AM

4    going to go that this morning and get it over with, but I will       08:00AM

5    be here and we will start trial promptly at 1:00.  All jurors        08:00AM

6    will be here, we don't have to give them lunch today but I           08:00AM

7    feel that based on -- just based on still the COVID situation        08:00AM

8    on Guam, even though it's getting better, but the fact is, is        08:00AM

9    that our lunch break is so tight, 45 minutes is hardly any           08:00AM

10   time, so the Court will continue to provide lunch for the           08:00AM

11   jurors during the course of the trial.                              08:00AM

12          Now that we have streamlined the trial, I think             08:00AM

13   it's going to go a lot faster.  How long do you think your          08:00AM

14   case in chief will be?                                              08:00AM

15          MS. M. MILLER:  So, Your Honor, if we are going             08:00AM

16   to go on Saturdays as Your Honor represented before, the           08:00AM

17   government will be completed with their case in probably less       08:00AM

18   than three weeks.                                                   08:01AM

19          THE COURT:  Okay.                                           08:01AM

20          MS. M. MILLER:  We think it may be two weeks               08:01AM

21   because we do believe, as Mr. Martin represented before, he's       08:01AM

22   a very succinct cross-examiner.                                     08:01AM

23          THE COURT:  Wow.                                            08:01AM

24          MS. M. MILLER:  So I do think this is --                    08:01AM

25          MR. MARTIN:  I don't think I said that.                     08:01AM

| | |
|---|---|
| 1 | MS. M. MILLER: No, he is. And also -- | 08:01AM |
| 2 | THE COURT: He's laser focused like you? | 08:01AM |
| 3 | MS. M. MILLER: Yeah, and we also agreed amongst | 08:01AM |
| 4 | each other and ourselves, we're not going to have a bunch of | 08:01AM |
| 5 | recross and re-redirect and re-recross -- | 08:01AM |
| 6 | THE COURT: No, I'll keep it simple, it will be | 08:01AM |
| 7 | direct, cross, redirect. | 08:01AM |
| 8 | MS. M. MILLER: Yes, and we also narrowed down | 08:01AM |
| 9 | our witnesses and that was part of stipulation with the | 08:01AM |
| 10 | defense. We eliminated some of the experts that we had in | 08:01AM |

       1            MS. M. MILLER:  No, he is.  And also --          08:01AM

       2            THE COURT:  He's laser focused like you?        08:01AM

       3            MS. M. MILLER:  Yeah, and we also agreed amongst  08:01AM

       4   each other and ourselves, we're not going to have a bunch of  08:01AM

       5   recross and re-redirect and re-recross --                08:01AM

       6            THE COURT:  No, I'll keep it simple, it will be  08:01AM

       7   direct, cross, redirect.                                 08:01AM

       8            MS. M. MILLER:  Yes, and we also narrowed down   08:01AM

       9   our witnesses and that was part of stipulation with the  08:01AM

      10   defense.  We eliminated some of the experts that we had in  08:01AM

      11   lieu of other experts that we have to combine the testimonies,  08:01AM

      12   so instead of having multiple witnesses, we have one, so --  08:01AM

      13   and we've also been working on -- I just got from Ms.    08:01AM

      14   McConwell yesterday, the Marinho transcripts.            08:01AM

      15            So what we're doing is we're working on those    08:01AM

      16   deposition transcripts the way in which Your Honor asked for  08:01AM

      17   them to be highlighted where the government highlights one  08:02AM

      18   color, defense highlights another color and then we place our  08:02AM

      19   objections on that one exhibit, so Your Honor will have the  08:02AM

      20   opportunity to resolve those objections easily and readily and  08:02AM

      21   then we could present that testimony to the jury.        08:02AM

      22            THE COURT:  All right.  And in the pro hac vice   08:02AM

      23   matter, I think it's per case, under our local rule, so you  08:02AM

      24   don't have to reapply and repay.  It's per case, as I     08:02AM

      25   understand it.  Go ahead.                                08:02AM

1          MS. MCCONWELL:  I did have one thing, in

2    preparing for this hearing and pulling everything out because

3    some things were filed when we were moving -- oh, I'm sorry.

4          THE COURT:  Yeah.

5          MS. MCCONWELL:  On our six of our stipulation,

6    you have Randy Brietzman is going to testify as an expert for

7    Jeff Jennings, but Randy Brietzman is not -- has never been

8    designated as an expert, so somebody else will need to testify

9    for Mr. Jennings, and then I was hoping I would get a little

10   synopsis of how you're breaking up all of that -- the other

11   expert disclosures because I don't have like -- you have

12   Mr. Steffes who I think is going to go away, so I didn't know

13   how that was all going to be broken up.

14         MS. M. MILLER:  We could just -- we could --

15   basically what we've done, Your Honor, is the expert

16   representations that we made in our disclosures to the Court

17   very early on about what the experts would say, that is just

18   going to be distributed amongst existing experts.

19              So for example, Mr. Steffes, Mr. Jennings, their

20   testimony is just going to be spread out amongst other experts

21   who have the same background and same expertise.  So what we

22   could do for the defense is identify which of these

23   paragraphs -- would that help, Laura?

24         MS. MCCONWELL:  Yes.

25         MS. M. MILLER:  In the expert disclosures, we'll

1    go to which other individual witnesses and that will, I think,    08:03AM

2    resolve the issue, and we could do that before they testify.    08:03AM

3            MS. MCCONWELL:  That'll be great.  I just didn't    08:03AM

4    want to create an appearance that we were consenting to Randy    08:03AM

5    Brietzman being elevated to an expert witness because we're    08:04AM

6    not.    08:04AM

7            MS. M. MILLER:  Yeah, so Randy Brietzman is --    08:04AM

8    does have the expertise and, you know, he was going to testify    08:04AM

9    as a fact witness for MD Helicopters.  He is a pilot.  He's    08:04AM

10   been a pilot for more than 25 years, Your Honor, both with    08:04AM

11   military and as a private commercial pilot.  He has a    08:04AM

12   substantially similar background to Mr. Jennings, who was    08:04AM

13   disclosed as an expert.  We were not going to use    08:04AM

14   Mr. Brietzman as an expert.  We were going to use him as fact    08:04AM

15   witness regarding MD Helicopters, but since he is a 25-year    08:04AM

16   helicopter pilot, an expert in HO6's, worked for the FAA    08:04AM

17   previously, we're just, you know, combining a fact witness    08:04AM

18   with an expert witness to have him testify exactly to what    08:04AM

19   Mr. Jennings would have testified to.  We could call Jennings    08:04AM

20   and add another witness.  That would extend the government's    08:04AM

21   case to three weeks, which is fine.    08:04AM

22           MR. MARTIN:  The concern we have, Your Honor, is    08:04AM

23   not so much who they call but we want to know what they're    08:04AM

24   going to say.  We've been given all these reports but now    08:05AM

25   they've shuffled the deck on us.  I don't want to get up there    08:05AM

1  that I'm holding an ace but we're cross-examining a joker,                    08:05AM

2  okay?  That's the problem.  We don't have expert reports from                 08:05AM

3  these people, since they've all been combined.  That's the                    08:05AM

4  concern I have.                                                               08:05AM

5             THE COURT:  All right.                                             08:05AM

6             MR. MARTIN:  Not the number.                                       08:05AM

7             MS. M. MILLER:  And I just said I would resolve                    08:05AM

8  that, Your Honor, by absolutely identifying which section and                 08:05AM

9  which expert disclosure is going to which witness so that                     08:05AM

10 there is no confusion and Counsel is readily available to                     08:05AM

11 address it.                                                                   08:05AM

12            THE COURT:  That's good to know.  All right,                       08:05AM

13 fabulous.  That's good.                                                       08:05AM

14            MR. MCCONWELL:  While we're doing housekeeping on                  08:05AM

15 experts, they have a witness, Mr. Guzzetti, who may be here,                  08:05AM

16 there has been a representation that nine people have been                    08:05AM

17 killed involving these helicopters and presumably pointing at                 08:05AM

18 the causation of something that Hansen Helicopters or any of                  08:05AM

19 the defendants did.  We've not seen one -- and they're talking                08:05AM

20 about the pitch link control on the tail rotor as being the                   08:05AM

21 cause.  We've not seen any evidence of a failure of a pitch                    08:06AM

22 link -- a tail rotor pitch link that's caused any accident,                   08:06AM

23 let alone a death.  And we're going to ask for a Daubert                       08:06AM

24 hearing and a motion in limine since that seems to be the way                 08:06AM

25 they're starting to do this and it's about half prepared right                08:06AM

1  now, but I wanted to put the Court on notice that when he                08:06AM

2  comes up, he's supposed to be one of the last witnesses before          08:06AM

3  that -- long before that I would have filed a motion dealing            08:06AM

4  with this, but you know, I'm kind of tired of hearing we've             08:06AM

5  killed people, when I don't believe there is any evidence that          08:06AM

6  that's occurred.  And I think that's a major issue that should          08:06AM

7  be subject to a motion in limine and a hearing outside the              08:06AM

8  jury before, but we should at least know what they're talking           08:06AM

9  about.  We don't even know which people they claim were killed          08:06AM

10  by a pitch link failure, we don't know what the failure was,           08:06AM

11  what happened, which aircraft, no information.  And we did             08:06AM

12  file Daubert motions earlier and the Court said "Let's put it          08:06AM

13  off to the time of the trial" and we're here.                         08:06AM

14          MS. M. MILLER:  Anyway, Your Honor, what we did               08:06AM

15  with Mr. Guzzetti's testimony is, he prepared a summary chart          08:07AM

16  and his summary chart, which the defense has had since August         08:07AM

17  of 2020, identified every single accident, identified the NTSB        08:07AM

18  reports supporting the accidents, the FAA analysis supporting         08:07AM

19  the accidents, has identified every single piece of evidence          08:07AM

20  Mr. Guzzetti is relying on.  They had that information since          08:07AM

21  August of 2020, so it's a little insincere to say we're going         08:07AM

22  to file a motion in limine.  That time has passed for them to         08:07AM

23  file a motion in limine.                                              08:07AM

24          Additionally, Your Honor, the very first time we             08:07AM

25  did our trial brief, which, again, was more than two years ago        08:07AM

1   in anticipation of an earlier trial, we disclosed that we will   08:07AM

2   present evidence that nine people died and we also disclosed   08:07AM

3   which accidents we contend were caused by a failure of the   08:07AM

4   tail rotor pitch change link.  We've also disclosed through   08:07AM

5   Mr. Guzzetti's material evidence of pitch link failures and   08:08AM

6   what causes them and we've disclosed written communications   08:08AM

7   between the defendants where they are identifying and their   08:08AM

8   own pilots and mechanics are identifying problems with the   08:08AM

9   tail rotor pitch link.  They have all the evidence, they had   08:08AM

10  the evidence for years and we will move to strike any motion   08:08AM

11  that they file at this late date because they just haven't   08:08AM

12  been prepared.   08:08AM

13          THE COURT:  So let me just say this, it's not   08:08AM

14  before me, so I'm not going to discuss it.  When it gets   08:08AM

15  before me, I'll look at it, okay.   08:08AM

16          MR. MCCONWELL:  Thank you, Your Honor.   08:08AM

17          THE COURT:  As of right now, we're going to trial   08:08AM

18  full steam ahead.  And if -- let me just say this, if Counsels   08:08AM

19  are mindful of, you know, streamlining everything, we may not   08:08AM

20  have to go on Saturdays.  Let me just say that.  I did that   08:08AM

21  because, honestly, because Mr. Lujan likes to drag things out   08:08AM

22  and I'll be honest.  So you know, and so I was like, okay, I'm   08:08AM

23  going to put the pressure on and that's the truth.  So that's   08:08AM

24  just the way it goes.  And to the extent that I was able to   08:09AM

25  control him, things still got dragged out, so I just needed to   08:09AM

```
1   make sure that everyone understands that when the jurors come    08:09AM
2   here, each time they're here, I want them to be hearing           08:09AM
3   evidence.  I don't want them to be waiting while we're doing      08:09AM
4   motions.                                                          08:09AM
5            So a reminder to all Counsels, if you haven't            08:09AM
6   filed a motion and you're going to, make sure that your time      08:09AM
7   really hasn't passed, number one.  There has been no waiver of    08:09AM
8   any issues regarding that.  And number two, if there is a         08:09AM
9   motion that I find worthy and of a hearing, then we will have     08:09AM
10  the hearing outside of the jury time.  But I'm going to stay      08:09AM
11  strict within the guidelines for the jury time because I          08:09AM
12  promised them all that.  Okay.                                    08:09AM
13           All right.  Are there any other issues before we        08:09AM
14  adjourn -- recess until 1:00?  Yes, Mr. Martin?                   08:09AM
15           MR. MARTIN:  Your Honor, it's not necessarily an        08:10AM
16  issue, but it'd be how the Court intended to advise the jury      08:10AM
17  that Mr. Kapp's no longer here, Mr. Crowe is no longer here,      08:10AM
18  Mr. -- the McConwells not represent Hansen.  I mean there is      08:10AM
19  kind of a housekeeping measure that we may want to consider.      08:10AM
20           THE COURT:  I'll prepare a -- I'll work with my         08:10AM
21  law clerk and I'll prepare something.                            08:10AM
22           MR. MCCONWELL:  Very well.                              08:10AM
23           THE COURT:  What I'll do is I'll run it by you          08:10AM
24  all before we do it, see if there is any suggestions, or         08:10AM
25  amendments that you might have.  But it will be just very        08:10AM
```

|Line|Text|Time|
|---|---|---|

1  neutral.  I mean I think that you won't mind me saying that  08:10AM

2  Mr. Kapp has turned ill and that is unable to be here, and  08:10AM

3  I'll say that I agree with that, I received word from his  08:10AM

4  doctors and so I mean I could say that.  And then that -- then  08:10AM

5  we'll talk just briefly about there has been -- now you are  08:10AM

6  also representing -- you guys are representing Hansen  08:10AM

7  Helicopters, that Mr. Perez will continue to represent  08:10AM

8  Mr. Kapp.  Is there any other issue?  And Mr. -- what was his  08:10AM

9  name that was here?  The witness?  08:11AM

10              MS. M. MILLER:  Reed.  08:11AM

11              THE COURT:  Reed.  Right, right.  Is he doing  08:11AM

12  okay?  He's okay, right?  08:11AM

13              MS. M. MILLER:  Yes.  08:11AM

14              THE COURT:  He's sickly.  But he's okay?  He's  08:11AM

15  able to come back?  08:11AM

16              MR. LEON GUERRERO:  Yes, I've been in contact  08:11AM

17  with his attorney, Attorney Pete Perez, so he'll be here this  08:11AM

18  afternoon.  08:11AM

19              THE COURT:  So I'll make sure we change the chair  08:11AM

20  for him because the big chair is just too big for him and too  08:11AM

21  heavy, so he needs a small chair and little more solid instead  08:11AM

22  of leathery.  08:11AM

23              Are there any other issues that I need to tell  08:11AM

24  the jurors?  I'll tell -- I'll also remind the jurors that  08:11AM

25  we'll stay on track on the time.  And that we're going to go  08:11AM

1  -- I'll say we're going to go through Monday through Friday -- 08:11AM

2  no, we may go Saturdays, but it depends on the time limits. 08:11AM

3  But as of right now, we streamlined it pretty much.  I don't 08:11AM

4  want to take away their Saturdays, to be honest with you. 08:11AM

5  MS. M. MILLER:  Right.  And, Your Honor, I mean 08:11AM

6  after this week, I think that will be very telling.  If 08:11AM

7  Mr. Reed is off the stand today and if there isn't recross, I 08:11AM

8  think we can work it out where we just finish on Friday, 08:12AM

9  especially if we're not eating into the jury's time with late 08:12AM

10 filed motions. 08:12AM

11 THE COURT:  Well, you're not going to eat into 08:12AM

12 the jury's time, guaranteed.  I will tell you that.  If we 08:12AM

13 have to come in at 6 in the morning, we'll come.  I'll tell 08:12AM

14 you that now.  I mean it.  You guys know I mean it.  So, yes? 08:12AM

15 MR. MARTIN:  I don't remember how -- if we 08:12AM

16 advised the jury that Mr. Crowe had been severed or not, Your 08:12AM

17 Honor. 08:12AM

18 MS. M. MILLER:  We did. 08:12AM

19 MR. MARTIN:  And it's my recollection -- 08:12AM

20 MS. M. MILLER:  You did. 08:12AM

21 THE COURT:  Emily says I did.  Okay. 08:12AM

22 MR. MARTIN:  That's -- 08:12AM

23 THE COURT:  Any other housekeeping matter we need 08:12AM

24 to take care of? 08:12AM

25 MR. MARTIN:  No, Your Honor. 08:12AM

1    THE COURT:  Okay.  Well, I will see all of you,    08:12AM

2  that will give me a chance to take care of my law month    08:12AM

3  activity.  I'll see you at 1:00.  Take care.    08:12AM

4    MS. M. MILLER:  Yes, Your Honor.  Thank you.    08:12AM

5    THE COURT:  I'll make sure you get a copy of that    08:12AM

6  -- we're in recess.    08:12AM

7    (Recess taken at 8:13 a.m.)    08:13AM

8                            * * *

9  ----------------------------------------------------

10                CERTIFICATE OF OFFICIAL REPORTER

11

12  CITY OF HAGATNA            )
                               )  ss.
13  TERRITORY OF GUAM          )

14

15    I, Veronica F. Flores, Official Court Reporter for

16  the District Court of Guam, do hereby certify the foregoing

17  pages, 1 to 31, to be a true and correct transcript of the

18  proceedings held in the above-entitled matter, to the best of

19  my ability.

20    Dated this 19th day of May 2022.

21

22                            /s/Veronica F. Flores
                               Veronica F. Flores
23

24

25

*Criminal Case No. 18-00010, USA v. Walker, et al.*